Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile:  (212) 226-5085

Attorneys for Plaintiff,
Electric Visual Evolution, LLC.

**07 CIV 9321**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

ELECTRIC VISUAL EVOLUTION, LLC.         :

      Plaintiff,                       :

   v.                                       :      **CASE NO.**

                                     :      **COMPLAINT FOR TRADEMARK**
ELECTRIC EEL, INC.                      :      **INFRINGEMENT AND UNFAIR**
                                     :      **COMPETITION**
      Defendant.                       :
                                     :      **ECF**

                                     :

------------------------------------------- x

Plaintiff, Electric Visual Evolution, LLC ("Electric Visual") by its attorneys complains of defendant Electric Eel, Inc. (hereinafter referred to as "Defendant") and alleges as follows:

THE PARTIES

1.   Electric Visual is a Limited Liability Company organized and existing under the laws of the State of California and has its principal place of business at 1062 Calle Negocio, Unit H, San Clemente, California 92673.

2. On information and belief, Defendant is a corporation organized under the laws of the State of New York with a principal place of business at 1328 Broadway, Suite 527, New York, NY 10001 and is currently doing business in this judicial district by marketing, offering for sale and selling articles of clothing, costume jewelry using the ELECTRIC Marks.

## JURISDICTION

3. This action arises under the Trademark Laws of the United States, Lanham Act Section 43, 15 U.S.C. § 1125, the statutory laws of the State of New York relating to unfair competition, and the common law of the State of New York relating to trademark infringement and unfair competition. Subject matter jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1121(a), and the Judicial Code of the United States, 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has supplemental jurisdiction over the state statutory and common law claims under 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to this action occurred in this judicial district and Defendant resides in this district, and is doing business within this judicial district by selling products bearing the marks in issue in this district.

5. This action arises out of Defendant's false, deceptive and misleading marketing, distribution, offering for sale and sale of its goods of clothing using the marks in issue. Such acts violate Electric Visual's proprietary rights and inflict substantial injury on Electric Visual.

## BACKGROUND FACTS

6. Since at least as early as 2000, Electric Visual has been and presently is extensively engaged in the manufacture, production, advertisement, promotion and sale of sunglasses, goggles and various articles of clothing

7. Electric Visual is the owner of, among others, the following federal trademark registrations and pending federal trademark applications:

| Application/Serial No. | Mark | Goods | Class |
|---|---|---|---|
| 2,983,422 | ELECTRIC | Clothing, headwear and footwear, namely, t-shirts, sweatshirts, hats and caps. | 25 |
| 75/932,154 | ELECTRIC | Clothing, namely, jackets. | 25 |
| 2,759,283 | ELECTRIC | Eyewear, namely, sunglasses, and cases adapted for sunglasses or eyewear. | 9 |
| 2,613,183 | ELECTRIC | Sport goggles, namely, ski goggles, snow goggles, motocross and motorcycle goggles, snowboarding goggles and autoracing goggles. | 28 |
| 75/936,418 | (⚡) ELECTRIC | Clothing, headwear and footwear, namely, t-shirts, pants, shirts, jackets, sweatshirts, sweat pants, jackets, hats, caps, shoes, socks and coats; surfwear, namely, surf trunks; ski clothing, namely, ski pants, ski vests and jackets. | 25 |
| 2,559,887 | (⚡) ELECTRIC | Sunglasses; eyewear; goggles; and cases adapted for sunglasses and/or eyewear. | 9 |

3

| Application/Serial No. | Mark | Goods | Class |
|---|---|---|---|
| 75/936,416 | ⚡ELECTRIC | Sport goggles, namely, ski goggles, motocross and motorcycle goggles, snowboarding goggles and auto racing goggles. | 9 |
| 75/908,697 | ELECTRIC VISUAL EVOLUTION | Eyeglasses. | 9 |
| | | Watches. | 14 |
| | | Shorts, t-shirts, pants, shirts, surf trunks, sweatshirts, sweatpants, jackets, hats, shoes and socks. | 25 |
| | | Ski goggles, sport goggles. | 28 |
| 75/983,611 | ELECTRIC VISUAL EVOLUTION | Sunglasses. | 9 |
| 75/931,612 | ⚡ELECTRIC electric visual evolution | Glasses and sunglasses. | 9 |
| | | Watches. | 14 |
| | | Shorts, t-shirts, pants, shirts, surf trunks, sweatshirts, sweatpants, jackets, hats, shoes and socks. | 25 |
| | | Ski goggles, snow goggles and motor-cross goggles. | 28 |
| 78/868,409 | ELECTRIC | Watches and watch bands. | 14 |
| 77/213,653 | ELECTRIC VISUAL | Optics. | 9 |
| | | Clothing. | 25 |

(The above marks are collectively referred to hereinafter as the "ELECTRIC Marks.") Copies of web pages from the United States Patent and Trademark Office's database showing the specifics for each of the ELECTRIC Marks are attached hereto as <u>Exhibit1</u>.

4

## ELECTRIC VISUAL'S PRIOR RIGHTS TO THE ELECTRIC MARKS

8. Since at least as early as 2000, Electric Visual has advertised, promoted and sold articles of clothing, including t-shirts, sweatshirts, hats, caps, jackets in the United States and in this judicial district using the ELECTIRC Marks.

9. Since at least as early as 2000, Electric Visual has also advertised, promoted and sold sunglasses in the United States and in this judicial district using the ELECTRIC Marks.

10. Since at least as early as 2000, Electric Visual has also advertised, promoted and sold sport goggles, namely, ski goggles, sun goggles, motocross and motorcycle goggles, snowboarding goggles and auto racing goggles in the United States and in this judicial district using the ELECTRIC Marks.

11. The acts described in paragraphs 8 through 10 all occurred prior to the acts of Defendant complained of herein.

12. Since the introduction of Electric Visual's goods, using the ELECTRIC Marks, the products have enjoyed commercial success and showing the ELECTRIC Marks have acquired great value and goodwill. Pictures of some of Electric Visual's products using the ELECTRIC Marks are attached hereto as Exhibit 2 and copies of pages from Electric Visual's website located at www.electricvisual.com showing goods are attached hereto as Exhibit 3.

13. Electric Visual also owns pending federal trademark applications covering watches in Class 14, and intends to advertise, promote and sell watches copying the ELECTRIC Marks in the near future. Electric Visual's constructive first use date of the ELECTRIC Marks for use in connection with watches is February 2, 2000, the date of its earliest filed trademark application covering watches.

14. Defendant has filed for federal trademark protection with the United States Patent and Trademark Office for, among others, the following marks:

| Application No. | Mark | Goods | Class |
|---|---|---|---|
| 78/436,187 | [ELECTRIC LINGERIE logo] (Note: the word "LINGERIE" has been disclaimed by Defendant in this application). | Sexy lingerie, bras, panties, underwear, clubwear, namely, sequined tops and pants, dance tops, dance pants. | 25 |
| 78/664,471 | ELECTRIC LINGERIE (Note: the word "LINGERIE" has been disclaimed by Defendant in this application). | Men's and women's clothing, namely, underwear, g-strings, panties, bras, corsets, slips, bustiers, camisoles, boxer shorts, briefs, rompers, lingerie, pajamas, nightgowns, babydoll pajamas, negligees, peignoirs, teddies, robes, body shapers, body stockings, body suits, tank tops, shorts, shirts, t-shirts, blouses, skirts, dresses, sweatshirts, sweatpants, pants, costumes for role-playing and dress-up, leotards, loungewear, dance pants, dance tops, vests, coats, jackets, raincoats, swimsuits, pantyhose, stockings, tights, socks, gloves, neckties, belts, garter belts, boas, scarves, suspenders; headwear, namely, headbands, hats, caps; footwear, | |

| Application No. | Mark | Goods | Class |
|---|---|---|---|
|  |  | namely, shoes, boots, sandals, slippers. | 25 |
| 78/664,481 | ELECTRIC LINGERIE | Costume jewelry. | 14 |

Copies of web pages from the United States Patent and Trademark Office's database showing the specifics for each of these marks are attached hereto as Exhibit 4.

15. On July 6, 2005, Defendant filed application Serial No. 78/664,481 with the United States Patent and Trademark Office to register the mark ELECTRIC LINGERIE for use in connection with costume jewelry in Class 14.

16. Application Serial No. 78/664,481 was published for opposition on March 8, 2006 and Electric Visual Filed opposition No. 91173145 opposing Defendant's application on September 25, 2006. The opposition is currently pending.

17. On June 16, 2004, Defendant filed application Serial No. 78/436,187 to register the mark ELECTRIC LINGERIE for use in connection with various articles of clothing in Class 25. On January 25, 2005 the United States Patent and Trademark Office refused registration of this application based on part on a likelihood of confusion under Section 2(d) of the Trademark Act with Electric Visual's prior pending application Serial No. 75/932,154. The United States Patent and Trademark Office has suspended application Serial No. 78/476,187 pending a final disposition of Electric Visual's application Serial No. 75/932,154.

18. On July 6, 2005, Defendant filed application Serial No. 78/664,471 to register the mark ELECTRIC LINGERIE for use in connection with various articles of clothing in Class 25. On January 27, 2006, the United States Patent and Trademark Office refused registration of this application based in part on a likelihood of confusion under Section 2(d) of the Trademark Act with Electric Visual's pending applications Serial Nos. 75/932,154 and 75/936,418. The United

States Patent and Trademark Office has suspended these two applications pending a final disposition of Electric Visual's prior pending applications.

19. In both of Defendant's applications 78/436,187 and 78/664,471, the United States Patent and Trademark Office has required Defendant to disclaim the word "LINGERIE" as it is merely descriptive when used in connection with the goods listed in these applications, and Defendant has accepted this disclaimer, further evidencing the fact that the term "LINGERIE", when used in connection with articles of clothing in Class 25, has no trademark significance and does not serve to identify service.

20. The actions of the United States Patent and Trademark Office of refusing registration of Defendant's applications to register the mark ELECTRIC LINGERIE in connection with articles of clothing in Class 25 based on a likelihood of confusion with Electric Visual's prior pending marks is proof that in the United States Patent and Trademark Office's view, Defendant's marks are likely to be confused with Electric Visual's.

## DEFENDANT'S INFRINGING ACTIVITIES

21. On information and belief, Defendant is in the business of manufacturing, distributing and selling articles of clothing, and has sold articles of clothing using the ELECTRIC Marks to consumers in the United States and in this judicial district. Copies of Defendant's website showing use of the ELECTRIC Marks is attached hereto at Exhibit 5.

22. On information and belief, Defendant commenced using the ELECTRIC Marks on its articles of clothing long after Electric Visual's first use.

23. Defendant's articles of clothing use the word "ELECTRIC" in a manner that is virtually identical to the ELECTRIC Marks owned by Electric Visual.

24. Upon information and belief, Defendant's unauthorized use of the ELECTRIC

Marks in connection with the manufacture, distribution, offering for sale and sale of its goods is done in a manner to imply falsely, deceptively and confusingly that Defendant's products are in some way associated with, licensed by or otherwise authorized or sponsored by Electric Visual.

25. Upon information and belief, Defendant was aware and/or had constructive notice of Electric Visual's ELECTRIC Marks due to Electric Visual's federal trademark registration(s) and/or pending application(s) and the valuable goodwill associated with them before adopting and using infringing marks.

26. Upon information and belief, Defendant deliberately embarked upon a course of conduct that has for its purpose and effect to compete unfairly with Electric Visual in the sale of articles of clothing and to divert sales from Electric Visual.

27. Defendant's use the mark ELECTRIC LINGERIE in connection with articles of clothing and jewelry is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendant's products with the ELECTRIC Marks.

28. Electric Visual has not authorized, licensed, or consented to Defendant's use of the mark ELECTRIC LINGERIE in connection with any goods or services.

29. On information and belief, Defendant's use of the mark ELECTRIC LINGERIE in connection with clothing and jewelry has or will result in, and continue to result in, irreparable damage to Electric Visual for which there is no adequate remedy at law. Unless permanently enjoined, Defendant will be free to continue to distribute and sell articles of clothing and jewelry using the ELECTRIC Marks, thereby resulting in substantial harm to Electric Visual and its goodwill in the ELECTRIC Marks.

30. By this action, Electric Visual seeks damages and permanent injunctive relief

pursuant to Sections 35, 36, and 43(a) of the Lanham Act, 35 U.S.C. §§ 1117, 1118, and 1125(a), New York General Business Law §360-l and New York common law.

## FIRST CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN

32. This is a claim arising under the Trademark Laws of the United States, Lanham Act Section 43(a), 15 U.S.C. § 1125(a), for Defendant's unauthorized use of Electric Visual's ELECTRIC Marks.

33. Electric Visual incorporates by reference the allegations set forth in paragraphs 1 through 32 of this Complaint with the same force and effect as if set forth herein in their entirety.

34. Defendant's aforesaid acts constitute the use in commerce of a false designation of origin, or false representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendant's products by Electric Visual.

35. Defendant's aforesaid acts also constitute the use in commerce of a false designation of origin or false representation, which misrepresents the nature, characteristics, and quality of Defendant's goods.

36. Defendant's aforesaid acts constitute a willful and deliberate violation of 15 U.S.C. § 1125(a).

37. As a result of Defendant's intentional use of a confusingly similar trademark and a false designation of origin, description and representation associated therewith, Electric Visual is being and will continue to be irreparably injured by the loss of goodwill and by the ongoing loss of customers and sales.

38. Electric Visual has no adequate remedy at law.

## SECOND CAUSE OF ACTION
## STATE UNFAIR COMPETITION

39. This is a claim for unfair competition arising under New York General Business Law § 360-l. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over this claim which is so related to the other claims in this action that are within the original jurisdiction of this Court that they form part of the same case or controversy.

40. Electric Visual incorporates by reference the allegations set forth in paragraphs 1 through 39 of this Complaint with the same force and effect as if set forth herein in their entirety.

41. Defendant's conduct and acts alleged above constitute a likelihood of injury to Electric Visual's business reputation and will continue to do so unless such acts are enjoined by this Court.

42. Electric Visual has been irreparably injured by the Defendant's aforesaid acts and has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### NEW YORK COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

43. This is a claim for common law trademark infringement and unfair competition under the laws of the State of New York. This Court has supplemental jurisdiction under 25 U.S.C. § 1367 over these claims which are so related to the other claims in this action that are within the original jurisdiction of this Court that they form part of the same case or controversy.

44. Electric Visual incorporates by reference the allegations set forth in paragraphs 1 through 43 of this Complaint with the same force and effect as if set forth herein in their entirety.

45. Electric Visual owns common law trademark rights in the ELECTRIC Marks throughout the United States and in the State of New York.

46. Defendant's unauthorized use of Electric Visual's common law rights in the ELECTRIC Marks without the consent of Electric Visual is likely to cause confusion in the minds of the public and is likely to cause mistake or to deceive consumers into the erroneous belief that Defendant's products emanate from, are associated with, authorized or sponsored by Electric Visual or that it is connected in some way with Electric Visual.

47. Defendant's acts and conduct set forth above constitute willful infringement of Electric Visual's common law right in the ELECTRIC Marks and willful unfair competition with Electric Visual.

48. Defendant's unauthorized use of Electirc Visual's common law rights in the ELECTRIC Marks trades on the goodwill that it has developed in these trademarks and such acts violate Electric Visual's rights in these trademarks and damages the goodwill represented thereby.

49. Defendant's aforesaid acts constitute infringement of Electric Visual's common law rights in the ELECTRIC Marks and have damaged Electric Visual and, unless enjoined, will further impair or destroy the value of Electric Visual's common law trademarks and the goodwill associated therewith.

50. Defendant's aforesaid acts are in violation of New York common law and Defendant is liable to Electric Visual for damages and attorneys' fees. Defendant's acts have caused and will continue to cause further irreparable injury to Electric Visual if Defendant is not enjoined by this Court from further violations of Electric Visual's rights.

51. Electric Visual has been irreparably injured by Defendant's aforesaid acts and has no

adequate remedy at law.

PRAYER FOR RELIEF

WHEREFORE, Electric Visual asks that this Court:

A.    Grant a permanent injunction restraining and enjoining Defendant, its officers, agents, servants, employees, warehousemen, warehousers, and all others in privity, concert or participation with it or on its behalf, against further acts of trademark infringement and unfair competition by them in the use or sale of any product bearing the ELECTRIC Marks or any colorable imitations thereof, and particularly from in any manner, directly or indirectly:

   i)    imitating, substantially imitating or making unauthorized use of any identical or colorable imitation of the ELECTRIC Marks;

   ii)   imitating, substantially imitating or making unauthorized use of any colorable imitation of Electric Visual's common law rights in the ELECTRIC Marks;

   iii)  manufacturing, distributing, importing, circulating, promoting, advertising, marketing, selling, offering for sale, moving or otherwise disposing of, any product bearing any simulation, reproduction, counterfeit, copy, colorable or confusingly similar imitation of Electric Visual's distinctive ELECTRIC Marks or using the domain name electric-lingerie.com or any other confusingly similar domain name;

   iv)   making any false and/or misleading representation regarding Defendant's articles of clothing or jewelry using the ELECTRIC Marks;

   v)    using any false designation of origin or false description which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product manufactured, imported, advertised, distributed and/or sold by or through Defendant is in any manner associated or connected with Electric Visual, or is sold, licensed, sponsored, approved or

authorized by Electric Visual;

    vi)    engaging in any other activity constituting an infringement of Electric Visual's distinctive ELECTRIC Marks or its rights in or to use or to exploit the same;

    vii)    assisting, aiding or abetting any other person or business entity from engaging in or performing any of the activities referred to in sub paragraphs i) through vi) above;

B.    Find that Defendant has infringed Electric Visual's distinctive ELECTRIC Marks by the acts complained of herein and that said acts will damage and diminish the distinctiveness of Electric Visual's ELECTRIC Marks unless Defendant is enjoined by this Court;

C.    Find that Defendant has unfairly competed with Electric Visual by the acts complained of herein;

D.    Grant an order pursuant to 15 U.S.C. §1118 requiring Defendant to deliver up for destruction all infringing inventory and/or packaging, and all promotional and/or advertising material of any kind bearing colorable imitations of Electric Visual's ELECTRIC Marks;

E.    Award to Electric Visual pursuant to 15 U.S.C. §1117(a) all of Defendant's profits resulting from the sale of its articles of clothing or jewelry bearing the accused infringing trademarks; and further award to Electric Visual damages as a result of Defendant's willful infringement and unfair competition in an amount to be determined by an accounting if necessary;

F.    Award to Electric Visual pursuant to 15 U.S.C. §1117(a) its attorneys' fees and costs;

G.    Award to Electric Visual pursuant to 15 U.S.C. §1117(b) three times the profits or damages calculated and awarded under 15 U.S.C. §1117(a) resulting from the sale of Defendant's articles of clothing bearing the accused trademark, together with prejudgment interest and Electric Visual's attorneys' fees;

14

H. Award to Electric Visual punitive damages;

I. Grant an order refusing registration of Defendant's pending trademark applications bearing Serial Nos. 78/436,187 and 78/664,471; and sustaining Opposition No. 91173145 in its entirety against Serial no. 78/664,481; and

J. Grant to Electric Visual such other further relief as the Court may deem just and proper in the circumstances.

JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Electric Visual demands a trial by jury as to all issues and causes of action so triable herein.

Dated: October 17, 2007

Respectfully submitted,

Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
(212) 226-5054

Attorneys for Plaintiff
Electric Visual Evolution, LLC