Charles P. LaPolla (CL 0156)
Stephen J. Quigley (SQ 6847)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Attorneys for Defendant

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
ELECTRIC VISUAL EVOLUTION, LLC,                 :
                                                :
                          Plaintiff,            :     07 Civ. 9321 (PKC)
                                                :
              v.                                :     ECF CASE
                                                :
ELECTRIC EEL, INC.                              :
                                                :
                          Defendant.            :
------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Electric Eel, Inc., for its Answer and Affirmative Defenses, avers as follows:

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies same.

2.  Defendant admits that it is a New York cooperation with a place of business located at 1328 Broadway, Suite 527, New York, NY 10001 and that it is currently doing business in this judicial district by marketing, offering for sale, and selling certain articles of sexy undergarments and clubwear. Defendant denies each and every allegation contained in Paragraph 2 of the Complaint including the characterization that said goods are sold using "the ELECTRIC Marks."

{00883103.1}

3. Defendant admits that Plaintiff has asserted claims under Section 43 of the Lanham Act (15 U.S.C. §1125) and the statutory and common law of the State of New York, and that this Court has subject matter and supplemental jurisdiction, but denies any liability thereunder.

4. Defendant admits that venue is proper in this Distinct.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies same.

7. Defendant admits that Plaintiff has appended Exhibit 1 to the Complaint, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint or as to the issues of content, authenticity or ownership raised in this Exhibit and, therefore, denies same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies same.

12. Defendant admits that Plaintiff has appended Exhibits 2 and 3 to the Complaint, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint or as to the content or authenticity of these Exhibits and, therefore, denies same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies same.

14. Defendant admits that it is the owner of the applications referred to in Paragraph 14 of the Complaint and admits that Plaintiff has appended Exhibit 4 to the Complaint, but denies the accuracy of the listing of the statement of goods and each and every other allegation contained in said Paragraph 14.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that its Application No. 78/664,481 was published for opposition on March 28, 2007 (not March 8, 2007 as alleged in the Complaint) and admits the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant admits filing Application No. 78/436,187 on June 16, 2004 for certain articles of clothing. Defendant denies that the mark in Application No. 78/436,187 comprises solely the words ELECTRIC LINGERIE. Defendant also denies that the United States Patent and Trademark Office has refused registration of Application No. 78/436,187. Defendant admits that Application No. 78/476,187 has been suspended, but denies each and every other allegation contained in Paragraph 17 of the Complaint.

18.     Defendant admits filing Application No. 78/664,471 on June 16, 2004 to register ELECTRIC LINGERIE for certain articles of clothing. Defendant denies that the United States Patent and Trademark Office has refused registration of Application No. 78/664,471. Defendant admits that Application No. 78/664,471 has been suspended, but denies each and every other allegation contained in Paragraph 18 of the Complaint.

19.     Defendant admits that it has accepted the U.S. Patent and Trademark Office's request to disclaim exclusive rights to the term LINGERIE apart from the marks as a whole in Application Nos. 78/436,187 and 78/664,471. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits that it is in the business of marketing certain articles of clothing. Defendant denies that it has ever used "the ELECTRIC Marks" in connection with clothing, further denies that the documents attached as Exhibit 5 to the Complaint show use of "the ELECTRIC Marks" and denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies that it has ever used "the ELECTRIC Marks" in connection with clothing. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint and, therefore, denies same.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, denies same.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits that its use of the ELECTRIC LINGERIE mark has not been licensed by Plaintiff, but denies that such use requires Plaintiff's authorization, license or consent and denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits that Plaintiff is seeking damages and permanent injunctive relief pursuant to 35 [sic – should be 15] U.S.C. §§ 1117, 1118, and 1125(a), New York General Business Law § 360-l and New York common law, but denies any liability thereunder.

31. (There is no Paragraph 31 in the Complaint.)

32. Defendant admits that Plaintiff has asserted a claim under 15 U.S.C. § 1125(a), but denies any liability thereunder as well as the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant repeats its' averments in connection with Paragraphs 1-32 of the Complaint as if fully set forth herein.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits that Plaintiff has asserted a claim under New York General Business Law § 360-1 and that this Court has supplemental jurisdiction, but denies any liability thereunder.

40. Defendant repeats its' averments in connection with Paragraphs 1-39 of the Complaint as if fully set forth herein.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits that Plaintiff has asserted a claim for common law trademark infringement and unfair competition under the laws of the State of New York and that this Court has supplemental jurisdiction, but denies any liability thereunder.

44. Defendant repeats its' averments in connection with Paragraphs 1-43 of the Complaint as if fully set forth herein.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, therefore, denies same.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

52. Plaintiff's claims set forth in the Complaint are barred on the grounds that Defendant's activities do not result in a likelihood of confusion, dilution or in any deception or other harm with respect to the public or Plaintiff's alleged rights.

### Second Affirmative Defense

53. Upon information and belief, Plaintiff has been aware of or, in the alternative, reasonably should have been aware of the promotion, distribution and sale by Defendant of products in the United States since at least as early as 2003 and continuously and extensively thereafter bearing Defendant's ELECTRIC LINGERIE mark which is the subject of Plaintiff's claims in the Complaint.

54. During the time prior to the receipt of any notice of objection from Plaintiff and/or the filing of the Complaint in the instant civil action, Defendant expended substantial sums and considerable efforts in connection with the marketing of products in the United States bearing Defendant's ELECTRIC LINGERIE mark which is the subject of the claims in the Complaint.

55. Defendant has relied materially to its detriment on Plaintiff's delay in taking any actions to object to or to notify Defendant of Plaintiff's objection to or to assert claims against the distribution and sale of products bearing Defendant's ELECTRIC LINGERIE mark which is the subject of the claims in the Complaint.

56. For the aforementioned reasons, Plaintiff's claims and causes of action set forth in the Complaint are barred on the grounds of laches, estoppel and acquiescence.

### Third Affirmative Defense

57. By virtue of the existence of extensive and widespread third party use and registration of marks and designations in the United States incorporating the word ELECTRIC in connection with clothing and apparel products, Plaintiff's alleged "ELECTRIC Marks" as referred to in the Complaint are extremely weak and, if protectable at all, are entitled to the narrowest scope of protection. Plaintiff is incapable of and estopped from claiming exclusive rights to the term ELECTRIC as a trademark component.

### Fourth Affirmative Defense

58. The designation ELECTRIC as set forth in Plaintiff's application Serial No. 78/868,409 has been refused registration by the U.S. Patent and Trademark Office on the grounds that it is primarily merely descriptive and generic in relation to watches and accessories in International Class 14 and the designation ELECTRIC is, in fact, primarily merely descriptive and generic and therefore unenforceable in relation to such goods under Section 2(e) of the Lanham Act, 15 U.S.C. § 1052(e).

### JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury as to all issues and causes of action so triable herein.

WHEREFORE, Defendant requests that:

    (a)    the Complaint be dismissed in its entirety with prejudice;

    (b)    Defendant be awarded its attorneys' fees and costs; and

    (c)    the Court grant such further relief deemed just and equitable.

<table>
<tr><td>Dated: New York, New York<br>November 16, 2007</td><td>Respectfully submitted,<br><br>_____<br>Charles P. LaPolla (CL 0156)<br>Stephen J. Quigley (SQ 6847)<br><br>OSTROLENK, FABER, GERB & SOFFEN, LLP<br>1180 Avenue of the Americas<br>New York, New York 10036-8403<br>Attorneys for Defendant</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that in addition to service by the Court through ECF, a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was served upon counsel for Plaintiff by first class mail, postage prepaid, on this 16th day of November, 2007, addressed as follows:

> James M. Gibson, Esq.
> David J. Lorenz, Esq.
> Powley & Gibson, P.C.
> 304 Hudson Street, 2nd Floor
> New York, NY 10013

_____
Stephen J. Quigley