```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

ELECTRIC VISUAL EVOLUTION, LLC.,

        Plaintiff,

        v.                                07 Civ. 9321 (PKC)(RLE)

ELECTRIC EEL, INC.,                    CIVIL CASE MANAGEMENT PLAN
                                               AND SCHEDULING ORDER
        Defendant.

------------------------------X

        This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1.     The parties do not consent to conducting further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.     This case is to be tried to a jury.

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within thirty (30) days from the date of this Order.

4.     Initial disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed not later than fourteen (14) days from the date of this Order.

5.     All <u>fact</u> discovery shall be completed no later than one hundred twenty (120) days from the date of this Order.

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of the parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

        a.     Initial requests for production of documents to be served by thirty (30) days from the date of this Order.
        b.     Interrogatories of the type and in the sequence referred to in Local Rule 33.3 to be served by ninety (90) days from the date of this Order (or 87 days if served other than by hand).
        c.     Depositions to be completed by one hundred twenty (120) days from the date of this Order.

      d.      Requests to Admit to be served by ninety (90) days from the date of this Order (or 87 days if served other than by hand).

7.    a.      All <u>expert</u> discovery shall be completed no later than ~~forty-five (45)~~ fifty-nine 59 days after the date of completion of fact discovery in Paragraph 5.

      b.      No later than thirty (30) days <u>prior to</u> the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintifff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a). Defendant proposes that any survey expert reports on behalf of Plaintiff be served by hand on Defendant's counsel on the day of the aforementioned meet and confer. Plaintiff objects to Defendant's proposal.

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery (see paragraph 5 hereof).

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.      Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:
Plaintiff does not believe that early settlement of this case is possible at this time. Defendant believes that there is a reasonable possibility of settlement of this case at this time if an alternative dispute resolution mechanism is utilized early in the proceeding.

      b.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
Plaintiff does not believe that alternative dispute resolution is appropriate at this time.
Defendant believes that use of an alternative dispute resolution mechanism, particularly a conference before a Magistrate requiring attendance by counsel and principals of the parties, early in the proceeding, would be beneficial.

      c.      Counsel for Plaintiff recommends that a settlement conference be reconsidered after depositions. Counsel for Defendant recommends that a settlement conference before a Magistrate requiring attendance by counsel and principals of the parties take place within the next thirty (30) days.

      d.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: 3-4 days.

*by December 18*

TO BE COMPLETED BY THE COURT:

*Fax letter on face to face meeting by January 31, 2008. Refer to Magistrate Judge for settlement.*

13. [Other directions to the parties]

14. The (next Case Management) (Final Pretrial Conference) is scheduled for *April 18 at 9:30 am*

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

P. Kevin Castel
United States District Judge

Dated: New York, New York
12-07-07