Castec/J

Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/07

Attorneys for Plaintiff,
Electric Visual Evolution, LLC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
ELECTRIC VISUAL EVOLUTION, LLC., :

        Plaintiff, :

        v. : **07-Civ 9321 (PKC)**

     : STIPULATED PROTECTIVE
ELECTRIC EEL, INC.,   ORDER

        Defendant. :

     :

     :
---------------------------------- x

    Upon motion of Plaintiff and Defendant for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

    1.    This Order applies to all documents, information, tangible items and testimony disclosed by a party or by a third party ("Disclosing Party") in the course of this litigation which consist of "Confidential Information/Materials" or "Highly Confidential Information/Materials" as defined herein. Such documents, information, tangible items, and testimony shall be used

{00868311.1}

solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. The terms "Confidential Information" and "Highly Confidential Information" are intended to mean information that has not been made public by the Disclosing Party and that a Disclosing Party regards as proprietary, including but not limited to trade secrets and confidential financial information or other proprietary business or technical information related to its business, or similar information related to the business of another, which the Disclosing Party regards as confidential.

3. A Disclosing Party may designate as "Confidential" any documents, testimony or other discovery material that contains Confidential Information. "Confidential Materials" as used in this Order shall refer to any testimony or other discovery material designated as "Confidential," and all copies thereof, and shall also refer to the information contained in such materials. No designation of confidentiality shall be made unless counsel of record believes in good faith that the designated materials are entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

4. Confidential Materials shall be maintained in confidence by the party to whom such materials are produced or given, shall be used solely in connection with this action and shall not be disclosed to any person except:

    a) the Court and its officers;

    b) outside counsel of record and their support staff;

    c) the owners, officers, in-house counsel and employees of each party who are actively assisting in the above-captioned litigation; and

    d)  outside experts engaged by counsel to assist in this litigation, provided that before any disclosure is made to an outside expert he or she shall have signed an undertaking in the form of Exhibit A hereto.

  5.  A Disclosing Party may designate as "Highly Confidential" any highly confidential material, documents, testimony or other discovery material that contains trade secret or proprietary competitive information that the party believes in good faith should not be disclosed to non-experts or non-attorneys. "Highly Confidential Material" shall refer to any document, testimony, or other discovery material designated as "Highly Confidential" and all copies thereof, and shall also refer to the information contained in such materials. No designation shall be made unless counsel record believes in good faith that the designated materials are entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

  6.  Highly Confidential Material shall be maintained in confidence for use by litigation counsel who must have access to such documentation solely for use in connection with this action and shall not be disclosed to any person except:

    a)  the Court and its officers;

    b)  outside counsel of record and their support staff; and

    c)  outside experts engaged by counsel to assist in this litigation, provided that before any disclosure is made to an outside expert he or she shall have signed an undertaking in the for m of Exhibit A hereto.

  7.  Testimony at a hearing or deposition may be designated as Confidential or Highly Confidential by making a statement to that effect on the record at the hearing or deposition, or in writing to counsel of record after the hearing or deposition but no later than twenty-one (21) days after receipt of the transcript of that testimony. A party designating hearing or deposition

testimony as Confidential or Highly Confidential shall have such designation imprinted on the cover of the transcript for such hearing or deposition. Moreover, the designating party shall request that separate transcripts be provided for the Confidential and Highly Confidential portions of the transcript. If testimony at a hearing or deposition is designated Confidential or Highly Confidential, only those persons who may have access to such information, under the terms of this Order, may be in attendance to hear testimony.

8. Nothing in this agreement shall be taken as indicating that any particular discovery materials are in fact Confidential or Highly Confidential or entitled to confidential treatment. Each party agrees that if it designates information or documents as Confidential or Highly Confidential, and any other party objects in writing that the designation is not warranted or justified as to all or any part of the information or documents, then within (five) days of written objection the designating party shall confer in good faith, in person or by telephone, with the objecting party to reconsider the challenged designation. If after conferring the parties are unable to reach agreement as to the challenged designation, then the objecting party may file a motion for a determination by the Court as to the unresolved objections and the appropriateness of the challenged designation. If the objecting party does not file a motion for a determination, and unless otherwise ordered by the Court, the challenged designation shall stand. The designating party shall have the burden of proving the propriety of the challenged designation.

9. Should any party to this litigation obtain documents or information from a third party, by subpoena or otherwise, which contains, or can reasonably be assumed to contain, Confidential Information or Highly Confidential Information of a party to this litigation, such documents or information shall be treated by the receiving party as Confidential Information or Highly Confidential Information under this Order, unless expressly released in writing by the

party which is the owner of such Confidential Information or Highly Confidential Information or otherwise ordered by the Court.

10. No Confidential Material or Highly Confidential Material shall be filed in the public record of this action. All material so designated in accordance with the terms of this Stipulated Protective Order that is filed with the Court, and any pleadings, motions or other paper filed with the Court disclosing any such material, shall be filed in a sealed envelope and kept under seal by Clerk of this Court until further order of the Court. To facilitate compliance with this order by the Clerk's office, material filed under the designation Confidential or Highly Confidential shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

11. If Confidential Information, Confidential Materials, Highly Confidential Information, Highly Confidential Materials are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the Disclosing Party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

12. The inadvertent or unintentional failure to designate discovery materials or Confidential or Highly Confidential shall not be deemed a waiver in whole or in part of a Disclosing Party's claim of confidential treatment under the terms of this Stipulated Protective Order. If a document, transcript, or thing is produced for which the designation Confidential or Highly Confidential is lacking but should have appeared, the Disclosing Party may restrict future

disclosure of the document, transcript, or thing in accordance with this Stipulated Protective Order by notifying the receiving party in writing of the change in or addition of such restrictive designation with respect to the document, transcript or thing within thirty (30) days after such document, transcript, or thing was produced. The receiving party shall then take reasonable steps to prevent any further disclosure of such newly designated Confidential Information or Highly Confidential Information, except as permitted by this Order.

13.  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence.

14.  Nothing in this Order shall prohibit a Disclosing Party from using its own Confidential Material or Highly Confidential Material in its business, or from disclosing such documents or information to its own employees.

15.  Except in accordance with the terms of this Order, all Confidential Material or Highly Confidential Material shall be stored under the direct control of outside counsel of record who shall be responsible for preventing any disclosure thereof. At the conclusion of this case, all Confidential Material or Highly Confidential Material produced by a Disclosing Party, and all copies thereof, shall upon the written request of the Disclosing Party, be returned to that party, or, upon the written request of the Disclosing Party, counsel of record shall certify in writing that such material has been destroyed. The obligations of this Order shall survive the termination of the action and continue to bind the parties.

16.  Nothing in this order shall preclude any party, or any other person who is bound by this Order, from utilizing information that was known to or possessed by the party or other person before the party or other person became bound by this Order, or which comes into the party's or other person's possession outside of the discovery process in this action. Any such use

of such information shall not constitute a violation of this Order. Each party retains the right to pursue any claim or defense it may have against any other party arising from such use of such information.

17. Documents and information disclosed in this case prior to the entry of this Order shall be treated in the same manner as if the Order were already entered.

18. The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

_____
Robert L. Powley (RP7674)
James M. Gibson (JG9234)
David J. Lorenz (DL 3072)

Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054

Attorneys for Plaintiff
Electric Visual Evolution, LLC

Date:_____

_____
Charles P. La Polla (CL0156)
Stephen J. Quigley (SQ6847)

Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of Americas
New York, New York 10036-8403

Attorneys for Defendant
Electric Eel, Inc.
SUBJECT TO ADDENDUM.

SO ORDERED
_____
United States District Judge
12-18-07

## EXHIBIT A

## DECLARATION

By my signature, I hereby acknowledge that I have read the Stipulated Protective Order entered in Electric Visual Evolution, LLC v. Electric Eel, Inc., 07-Civ 9321 (PKC), that I understand the Stipulated Protective Order, and that I hereby agree to be bound by the terms of the Stipulated Protective Order and to submit to the jurisdiction of the United States District Court for the Southern District of New York to enforce this Stipulated Protective Order during and after the conclusion of the above-referenced matter.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____        _____
                                (Signature)


                             _____
                                (Print Name)

ADDENDUM TO
STIPULATED PROTECTIVE ORDER
Electric Visual Evolution, LLC v. Electric Eel, Inc.
07 Civ. 9321 (PKC)

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit and memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I") and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). Without any further application to the Court, the following may be redacted from any letter, memorandum, exhibit, deposition testimony or other document to be filed with the Clerk: social security numbers, taxpayer-identification numbers, financial account numbers, and names of minor children (replaced by initials); where a redaction has been made, the fact of the redaction shall be noted on the page where it has occurred.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
December 18, 2007